IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY WOOLFOLK,

        Plaintiff,                       No. 2:11-cv-2713 GEB KJN P

    vs.

EDMUND G. BROWN, et al.,         ORDER AND

        Defendants.             FINDINGS AND RECOMMENDATIONS

                            /

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff does not provide a statement of his claim; rather, plaintiff states that "a full description of the case is therein Exhibit (B)." Exhibit B contains copies of plaintiff's

1 administrative appeals and decisions.  In one request, plaintiff states: "I received a remittitur, and
2 costs are not awarded, so why are you holding me?" (Dkt. no. 1 at 14.)  Plaintiff also states that
3 "he will continue to file this appeal because his release date is close, and he wants money to start
4 his life and be able to afford a place of his own once he is paroled." (Dkt. No. 1 at 19.)  It
5 appears that plaintiff believes that the April 2, 2002 remittitur from the Court of Appeal
6 somehow entitled plaintiff to release from custody, or the payment of money.  Plaintiff is
7 misinformed.

8 First, the remittitur at issue here appears to be a "remittitur of record."  This is
9 defined as "[t]he action of sending the transcript of a case back from an appellate court to a trial
10 court; the notice for doing so." Black's Law Dictionary 1298 (7th ed. 1999).  The remittitur, as
11 written, provides no relief to either party.

12 Second, the remittitur noted that no costs were awarded in this proceeding, which
13 is consistent with the underlying January 30, 2002 decision by the Court of Appeal.  This
14 statement does not entitle either party to any monetary relief.

15 Third, the remittitur issued by the Court of Appeal also noted that the January 30,
16 2002 decision had become final.  (Id.)  The January 30, 2002 decision by the California Court of
17 Appeal, Fifth Appellate District, affirmed plaintiff's criminal conviction for which plaintiff is
18 presently incarcerated.  (Dkt. No. 1 at 6-12.)  Thus, neither the remittitur nor the 2002 decision
19 by the Court of Appeal reduced plaintiff's fourteen-year prison sentence, or affected the
20 underlying conviction in any way.

21 In any event, the remittitur relied upon by plaintiff in filing the instant action does
22 not entitle plaintiff to relief under 42 U.S.C. § 1983.  Therefore, the instant complaint is legally
23 frivolous.

24 To the extent plaintiff seeks release from prison, plaintiff may only proceed by
25 filing a petition for writ of habeas corpus.  Civil rights complaints filed pursuant to 42 U.S.C.
26 § 1983 challenge conditions of confinement.  Challenges to the fact or duration of a prisoner's

sentence may only be raised in a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  The United States Court of Appeals for the Ninth Circuit has authorized courts to construe actions challenging the fact or duration of a prisoner's confinement as habeas corpus actions in appropriate circumstances.  See Tucker v. Carlson, 925 F. 2d 330 (9th Cir. 1991) (complaint should have been construed as petition for writ of habeas corpus).  However, in this case, a petition for writ of habeas corpus filed at this late date would likely be time-barred as well as successive.  On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides for a one year statute of limitations period.  Here, plaintiff was convicted on December 7, 2000, and sentenced to fourteen years in state prison.[1]  Over ten years have passed; thus, any new attempt to challenge the 2000 conviction, absent rare exceptions, is likely barred by the statute of limitations.

        Finally, plaintiff previously challenged his 2000 conviction in an application for writ of habeas corpus filed in Woolfolk v. Lamarque, 1:02-cv-6463 AWI WMW HC (E.D. Cal.) (Fresno Division).[2]  The previous application was filed on November 25, 2002, and was denied on the merits on October 28, 2004.  Before plaintiff can proceed with a second application for writ of habeas corpus, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3).

        Therefore, the court will not construe plaintiff's filing as a petition for writ of habeas corpus.

        Accordingly, this action should be dismissed without prejudice.

////

---

[1] This information was obtained from the Kern County Superior Court website, http://www.co.kern.ca.us/courts/crimcal/crim_index_case_detail.asp (accessed October 25, 2011).

[2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request
2  for leave to proceed in forma pauperis is granted;³ and
3  IT IS RECOMMENDED that this action be dismissed without prejudice.
4  These findings and recommendations are submitted to the United States District
5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
6  one days after being served with these findings and recommendations, plaintiff may file written
7  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
8  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
9  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
10 F.2d 1153 (9th Cir. 1991).
11 DATED: November 22, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wool2713.56

---

³ Because the complaint is dismissed without leave to amend, the court has not imposed the $350.00 filing fee.  Plaintiff is cautioned, however, that should he continue to attempt to litigate these noncognizable claims, the court will require payment of the $350.00 filing fee from plaintiff's inmate trust account.  28 U.S.C. §§ 1914(a), 1915(b)(1).